IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul Toth,   Case No. 3:09 CV 1662

        Plaintiff,   MEMORANDUM OPINION AND ORDER

-vs-   JUDGE JACK ZOUHARY

City of Toledo, et al.,

        Defendants.

### INTRODUCTION

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Knepp pursuant to Local Rule 7.2 (Doc. No. 54). Plaintiff Paul Toth filed a Complaint against the City of Toledo, former Chief of Police Michael Navarre, and former Director of the Department of Public Safety Robert Reinbolt, alleging reverse discrimination (Doc. No. 1). Plaintiff brought three causes of action: (1) discrimination in discipline in violation of O.R.C. Chapter 4112; (2) violation of 42 U.S.C. §§ 1981 & 1983; and (3) discrimination in promotion in violation of O.R.C. Chapter 4112 and 42 U.S.C. §§ 1981 & 1983.

Defendants filed a Motion for Summary Judgment on all counts (Doc. No. 19). Plaintiff opposed (Doc. No. 32); Defendants replied (Doc. No. 53). The Magistrate recommended the Motion be granted (Doc. No. 54). Plaintiff then filed an Objection (Doc. No. 55) to the Magistrate's R&R and Defendants filed a Response (Doc. No. 56). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to grant the Motion.

## BACKGROUND

The R&R accurately describes the factual and procedural history of this case and this Court adopts them in their entirety (Doc. No. 54, pp. 2–4). Briefly, Plaintiff is a Caucasian patrolman with the Toledo Police Department. Plaintiff began working for the police department in December 2000. During his tenure with the department, Plaintiff's record includes some awards and commendations and two serious disciplinary incidents. The first incident involved destroying evidence seized from an arrested citizen which resulted in a fifty-day unpaid suspension, half of which was held in abeyance. The second incident arose from rough treatment of a citizen in connection with a traffic offense; the punishment included a thirty-day unpaid suspension and termination. The termination and fifteen days of the suspension were held in abeyance for three years subject to good behavior. As a result of this discipline, Plaintiff argues reverse discrimination, claiming that as a white patrol officer he has been more harshly disciplined than similarly situated African-American officers (Doc. No. 54, pp. 2–3, 6).

Plaintiff also claims discrimination with respect to the Toledo Police Department's promotions to Sergeant. Plaintiff took the written qualifying examination in 2006, scoring well enough to be considered in the group of qualified candidates. The examination results are used in combination with other factors such as educational background, disciplinary record, and performance evaluations in determining promotions to Sergeant. Of the seventeen officers promoted in 2006, three were African-American; Plaintiff was not promoted (Doc. No. 54, p. 3–4).

**STANDARD OF REVIEW**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, a court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, a court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

**DISCUSSION**

Plaintiff's objections to the R&R are organized into two categories. First is a list of seventeen numbered statements drawn from the R&R that Plaintiff claims are "in error regarding [their] factual or legal conclusions." (Doc. No. 55, pp. 1–3). Plaintiff's second objection is that the R&R incorrectly excluded evidence submitted by Plaintiff in support of his opposition to the Motion (Doc. No. 55, pp. 3–4).

Plaintiff's first objection is not well taken. Plaintiff has simply copied and pasted seventeen individual sentences and short excerpts from the R&R and asserted a disagreement with the Magistrate's statements. The list of claimed errors in the R&R does not include any additional reasons or provide any argument or citations in support of Plaintiff's objections. "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987). Furthermore, the Local Rules state: "Any party may object to a Magistrate

3

Judge's proposed findings, recommendations or report made pursuant to [Federal Civil Rule] 72(b) . . . Such party shall file . . . written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made *and the basis for such objections*." N.D. Ohio L.R. 72.3(b) (emphasis added).

This Court has reviewed the R&R and finds it to be thorough, correct, and well-supported with citations and appropriate case comparisons. By simply expressing disagreement with many of the Magistrate's statements in the R&R, Plaintiff merely rehashes and reasserts arguments that were considered and rejected by the Magistrate in reviewing Plaintiff's Opposition to Defendants' Motion (Doc. No. 32). Accordingly, Plaintiff's first set of objections are without merit.

Plaintiff next objects to the Magistrate's refusal to consider evidence submitted by Plaintiff in support of his opposition to Defendants' Motion. This too is not well taken. This evidence, composed of seventy-three exhibits that include disciplinary records involving various other officers for unrelated incidents and numerous newspaper articles discussing the Toledo Police Department, was submitted by Plaintiff to show racial motivation, unequal treatment, and background circumstances (Doc. No. 55, p 3).

While Plaintiff is correct in arguing that the non-moving party does not have to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment," that does not mean a litigant is free to unload a pile of evidence that, at best, may be remotely related to the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Specifically, "[h]earsay evidence may not be considered on summary judgment." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999). As stated in the R&R, the majority of the exhibits submitted by Plaintiff would be inadmissible hearsay. *See* Federal Evidence Rules 801, 803, 804; *Pack v. Damon*

4

*Corp.*, 434 F.3d 810, 815 (6th Cir. 2006). An affidavit signed by Plaintiff's counsel attesting to the validity of the news articles is of no value, because while he may attest to having personal knowledge of obtaining the articles from newspapers on given days, he is unable to attest to personal knowledge of the statements made within those articles. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 480–81 (6th Cir. 2008). Accordingly, Defendants' Response to Plaintiff's Objections is well taken under the language of Rule 56(c)(2) that permits an objection on the grounds that the material offered by Plaintiff could not be presented in a form that would be admissible (Doc. No. 56, pp. 2-3).

Even assuming the documents themselves *and* their contents could be authenticated, the assorted disciplinary reports against other officers for unrelated incidents, and various news reports regarding public discontent with the Toledo Police Department, do not raise a genuine issue of fact with respect to the police department's decisions regarding disciplinary or promotion actions taken against this Plaintiff. While Plaintiff argues that the submitted exhibits, although "ordinarily not competent evidence that a court may consider in ruling on a motion for summary judgment," were only introduced to show reasons for Defendants to be motivated to take adverse action against Plaintiff, this Court disagrees (Doc. No. 55, p. 4). Most of the reports have nothing to do with Plaintiff or his actions but instead paint a picture of other disciplinary problems or public unhappiness with unrelated aspects of the Toledo Police Department -- none of which would provide sufficient evidence from which a jury could find in favor of Plaintiff on reverse discrimination charges. Accordingly, Plaintiff's second objection to the R&R's "wrongful" exclusion of evidence is not well taken.

**CONCLUSION**

For the foregoing reasons, this Court adopts the Magistrate's R&R in its entirety. Defendants' Motion for Summary Judgment on all counts is granted.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 15, 2010